**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 28 2017

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DORA PERDIDO**                                                    **PLAINTIFF**

vs.                           No. 4:17-cv-418-BRW

**MIDLAND FUNDING, LLC; STEPHEN P. LAMB**          **DEFENDANTS**
**d/b/a LAW OFFICE OF STEPHEN P. LAMB and**
**STEPHEN P. LAMB, individually**

This case assigned to District Judge Wilson
and to Magistrate Judge Deere

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Dora Perdido, by and through her attorneys Allison Koile and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint against Defendant Midland Funding, LLC (hereinafter individually referred to as "Midland"), Defendant Stephen P. Lam d/b/a Law Office of Stephen P. Lamb (hereinafter individually referred to as "Law Office of Stephen P. Lamb") and Defendant Stephen P. Lamb, individually, (hereinafter individually referred to as "Lamb") (all parties adverse to Plaintiff collectively referred to hereinafter as "Defendants"), and in support thereof, she does hereby state and allege as follows:

### I.
### PARTIES, JURISDICTION AND VENUE

1. This is an action for damages brought by an individual consumer for each Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter the "FDCPA"), which prohibits debt collectors from engaging in abusive,

deceptive and/or unfair practices, as well as claims for violations of the Arkansas Deceptive Trade Practices Act.

2. Plaintiff is an individual consumer and is protected under 15 U.S.C. § 1692, *et seq.,* as well as by the common and statutory laws of the State of Arkansas including the causes of action pled herein.

3. Plaintiff is an individual resident of Dardanelle, Yell County, Arkansas.

4. Midland is a foreign corporation registered to do business in the state of Arkansas, having identified Corporation Service Company located at 300 Spring Building, 300 South Spring Street, Suite 900, Little Rock, Arkansas 72201, as its registered agent for service.

5. Midland operates primarily to purchase and collect debts, and does so using the United States Postal Service, as well as the telephone, and regularly attempts to collect debts alleged to be due to another and therefore is and has been at all relevant times herein a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

6. Stephen P. Lamb is a resident of the state of Arkansas, admitted to practice law in the state of Arkansas, who provides legal representation to debt collectors as defined by 15 U.S.C. § 1692a, and having a principal place of business at 85 Pineview Drive, Beebe, Arkansas 72012.

7. Law Office of Stephen P. Lamb is an Arkansas law firm providing legal representation to debt collectors as defined by 15 U.S.C. § 1692a, having a principal place of business in 85 Pineview Drive, Beebe, Arkansas 72012.

8. Defendants Lamb and Law Office of Stephen P. Lamb also each conduct the business of a debt collector and at times the actions taken by Defendants are either not

those of an attorney or they are actions consisting of the blended duties of debt collector and attorney.

9. Persons and corporations represented by Defendants operate primarily to collect debts, and do so using the United States Postal Service, as well as the telephone, and regularly attempt to collect debts alleged to be due to another and therefore are and have been at all relevant times herein a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

10. Jurisdiction of this Court arises under 15 U.S.C. § 1692(k)(d) and 28 U.S.C. § 1337, in order to secure the relief authorized by the FDCPA, 15 U.S.C. §1692, *et seq*. Section 1692k(d) provides that jurisdiction lies in the Courts of the United States at the discretion of the aggrieved party.

11. The Eastern District of Arkansas has concurrent jurisdiction over all other claims herein based on all the underlying causes of action, including violations of the Arkansas Deceptive Trade Practices Act.

12. Venue in this Court is further proper in that Defendants have brought an action to collect an alleged debt in an inferior state court located in this judicial district.

## II.
## FACTUAL BACKGROUND

13. On or about March 14, 2011, Defendant Lamb, collectively, caused to be issued and filed, respectively, a Summons and Complaint in the Circuit Court of Yell County against Perdido on behalf of Midland who was collecting a debt which was allegedly assigned to or purchased by Midland from "GE MONEY BANK."

14. A true and correct copy of the Circuit Court Summons and Circuit Court Complaint is attached hereto as Exhibit "A" and incorporated by reference as if set forth

word for word herein.

15. Furthermore, on or about April 20, 2011, Defendant Lamb filed a Motion for Default Judgment, which was entered on or about May 12, 2011. On or about May 27, 2011, Defendants caused to be issued a Writ of Garnishment against Plaintiff.

16. None of these filings were provided to Plaintiff.

17. The Writ of Garnishment was sent to four different entities between 2011 and 2016, including Tyson Food, Inc., ConAgra, Inc., Super Sports Graphics, and Wayne Farms, Inc. Plaintiff's wages were then garnished in September of 2016.

18. Plaintiff was not provided with prior notice of this garnishment.

19. As detailed below, the lawsuit and subsequent pleadings referenced above were substantively and procedurally deficient in significant ways.

20. The underlying lawsuit is based upon allegations that the defendant in the underlying lawsuit (Perdido) failed to make payments or otherwise defaulted on a line of credit that originated from a lender who is not a party to the underlying lawsuit.

21. The purpose of the underlying lawsuit was to collect an amount allegedly owed on a line of credit allegedly extended to Plaintiff Perdido.

22. As set forth more specifically below, the underlying lawsuit is deficient for a variety of reasons, including that it 1) lacks sufficient proof of an agreement regarding or consideration for the original debt; 2) lacks sufficient proof that the original debt was transferred to the plaintiff in the underlying lawsuit; 3) lacks sufficient proof that the affiant in the complaint in the underlying lawsuit had personal knowledge of any transactions, business records, or record-keeping practices as alleged by the affiant; 4) is facially barred by the applicable statute of limitations; and 5) violates Rule 10(d) of the Arkansas Rules

of Civil Procedure.

23. At all times relevant hereto, Defendants had full knowledge of the deficiencies described in the previous Paragraph.

24. The debt at issue in the underlying lawsuit did not originate with Midland.

25. Attached to the complaint in the underlying lawsuit was an Affidavit and Verification of Account completed by an employee of Midland.

26. The Affidavit purports to be made with authority from the plaintiff in the underlying lawsuit.

27. The affiant in the underlying lawsuit had and has no personal knowledge of the transactions alleged therein to have taken place between Perdido and the debt originator.

28. Neither the Affidavit nor any other document from the original lender attached to the complaint in the underlying lawsuit identifies the specific debt that is the subject of the circuit court lawsuit.

29. The underlying lawsuit lacks evidence of any written agreement creating the original debt and/or the actual extension of any loan or other thing of value to the alleged debtor in the underlying lawsuit.

30. Defendant Midland did not own the debt at the time of filing the underlying action and failed to attach any documentation of any such alleged debt to the Complaint in the underlying action, in violation of Arkansas Rules of Civil Procedure 10(d).

31. Defendants Lamb, Law Offices of Stephen P. Lamb, and Midland knew they had no proof that Midland owned the debt at the time of filing.

32. At the time of filing the underlying lawsuit, Defendants knew they could not

obtain proof of the debt that was allegedly owed to Midland.

33. Further, the underlying lawsuit is barred on its face as service was not perfected in violation of Rule 4 of the Arkansas Rules of Civil Procedure.

34. Specifically, the Return of Summons executed in the underlying lawsuit alleges to have served Plaintiff Dora Perdido on March 20, 2011. Plaintiff was not served on that date, nor any other date with the Summons or Complaint as Plaintiff did not reside at the address contained within the Return of Summons. Furthermore, Plaintiff was never provided with any filings by or on behalf of Defendants, including the Motion for Default Judgment or any of the Writs of Garnishments.

35. Defendants failed to include any certificate of service or incomplete certificates of service within these documents, making each procedurally deficient under Arkansas Rules of Civil Procedure 5 which states "except as otherwise provided in these rules, every pleading and every other paper, including all written communications with the court, filed subsequent to the complaint, except one which may be heard ex parte, shall be served upon each of the parties, unless the court orders otherwise because of numerous parties."

36. At all times relevant hereto, Defendants had knowledge of the facts alleged herein above yet pursued the underlying lawsuit despite this knowledge.

37. Because service of the lawsuit was not made in any respect, the statute of limitations bar has not passed for Plaintiff's claims.

38. Even if the statute of limitations period has ended, this Court should toll the statute based on the facts above.

## III.
## FIRST CLAIM FOR RELIEF:
## ATTORNEY DEFENDANTS' VIOLATIONS OF FDCPA

39. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint above, as if fully set forth herein.

40. Plaintiff asserts a claim for violations of the FDCPA against Defendants Law Office of Stephen P. Lamb d/b/a Stephen P. Lamb and Stephen P. Lamb, individually, including multiple violations of Arkansas Rules of Civil Procedure 4, 5, 10, 11, and 17 by Defendants, including improper collection attempts and misrepresentations in the pursuit of the underlying lawsuit against Perdido.

41. As attorneys for the plaintiff in the underlying lawsuit against Perdido, Law Office of Stephen P. Lamb d/b/a Stephen P. Lamb and Stephen P. Lamb, individually, are each liable for the significant violations of the FDCPA as alleged herein.

42. At all relevant times, the attorney and the law firm acted in concert with one another and as a part of plan and process to jointly prosecute the case against Perdido.

43. At all relevant times, the attorneys acted on behalf of and for the benefit of the law firm that employed them or of which they were otherwise members and/or agents.

44. Defendants Law Office of Stephen P. Lamb d/b/a Stephen P. Lamb and Stephen P. Lamb, individually, pursued prosecution of the underlying lawsuit against Plaintiff at all times knowing, or in such a position as they should be charged with the knowledge, that the suit against Plaintiff Perdido was not lawfully tenable.

45. Defendants violated Arkansas Rules of Civil Procedure Rule 10(d) because Defendants failed to attach to the circuit court case complaint any document that would support a claim against Perdido that would satisfy Rule 10(d) of the Arkansas Rules of

Civil Procedure. As stated in *LVNV Funding, LLC v. Nardi*, "where a plaintiff alleges breach of contract, a copy of the relevant contract must be attached to the Complaint." *LVNV Funding, LLC v. Nardi*, 2012 Ark. 460, 2 (Ark. 2012).

46. Further, the underlying lawsuit is barred on its face as service was not perfected in violation of Rule 4 of the Arkansas Rules of Civil Procedure.

47. Defendants failed to include a real party in interest in the underlying lawsuit in violation of Rule 17(a) of the Arkansas Rules of Civil Procedure, which states, in relevant part, "every action [filed] shall be prosecuted in the name of the real party in interest."

48. Specifically, Midland is not and has never been a party to the underlying debt allegedly owed by Plaintiff Perdido and is not and has never been the real party at interest in the underlying lawsuit, despite being the only named plaintiff therein.

49. Defendants knew or should have known that Midland was not a real party at interest at the time of the filing of the debt collection lawsuit.

50. Defendants also violated Rule 11(b) of the Arkansas Rules of Civil Procedure by providing a signature on a pleading, motion, or other paper which was intended for the purposes of causing harm, harassment or other improper person.

51. Specifically, Rule 11(b) states, in relevant part, "the signature of an attorney or party constitutes a certificate by the signatory that to the best of his or her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) the pleading, motion, or other paper is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law; and (3) the factual contentions have evidentiary support;

52. Defendants Law Office of Stephen P. Lamb d/b/a Stephen P. Lamb and Stephen P. Lamb, individually, herein provided signature(s) on a pleading or other paper filed in the Yell County, Arkansas Circuit Court which failed to meet the requirements of Rule 11(b) as each document filed was filed for the purposes of harassment, the legal contentions were not warranted by existing law and the factual contentions contained within did not have evidentiary support.

53. Defendants further violated the FDCPA as they knew or should have known that Midland did not have any proof or validation of the debt allegedly owed by Perdido. It is a blatant violation of the FDCPA when a party does not possess and cannot acquire any proof of the alleged debt.

54. Defendants' improper actions as stated above constitute violations of the FDCPA under 15 U.S.C. § 1692(e) (false or misleading representations) and 15 U.S.C. § 1692(f) (unfair practices.)

55. Due to Defendants Law Office of Stephen P. Lamb d/b/a Stephen P. Lamb and Stephen P. Lamb, individually, multiple violations of the FDCPA, Plaintiff was forced to hire an attorney to pursue this legal action against Defendants, despite Defendants' knowledge that the claims against Plaintiff were not legally tenable and could not be supported based on the facts then known to Defendants.

56. Actual damages suffered by Plaintiff include attorney's fees and court costs in both this action and in the underlying action which spurred the filing of this action, improperly garnished wages, as well as emotional distress, embarrassment, and mental anguish suffered by Plaintiff, all of which resulted from the actions and statements of Defendants.

57. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, including actual damages, pre-judgment and post-judgment interest, statutory penalties and costs, including reasonable attorney's fees, all as provided for by the FDCPA.

58. The law firm is jointly and severally liable for the liabilities of the attorney Defendants by *respondeat superior*.

## IV.
## SECOND CLAIM FOR RELIEF:
## DEFENDANT MIDLAND'S VIOLATIONS OF FDCPA

59. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint above, as if fully set forth herein.

60. Plaintiff asserts additional claims for violations of the FDCPA against Defendant Midland including improper collection attempts and clear misrepresentations by PRA in the pursuit of the underlying lawsuit against her.

61. As a qualifying debt collector and plaintiff in the underlying lawsuit, Defendant Midland is responsible for the significant violations of the FDCPA as alleged herein.

62. Defendant Midland pursued prosecution of the underlying lawsuit against Plaintiff at all times knowing, or in such a position as it should be charged with the knowledge, that the suit against Plaintiff Perdido was not lawfully tenable.

63. Midland violated the FDCPA in the pursuit of the underlying lawsuit against Plaintiff by specifically directing an employee of Midland to execute a false Affidavit and Verification of Account in the circuit court case.

64. The Affidavit and Verification of Account states, "The account shows that the

Defendant(s) owed a balance of $1,712.23." This statement is highly misleading, if not blatantly false, in that no amount is owed by Perdido.

65. The Affidavit and Verification of Account also contains false statements regarding the transfer of the original alleged debt to Perdido in that there is no proof provided in the Affidavit or otherwise that this particularly alleged debt was, in fact, transferred to Midland.

66. The Affiant provided no information other than a conclusory statement that a debt is owed by Perdido in the sum of $1,712.23.

67. Midland failed to provide any actual proof of this alleged debt.

68. Midland's suggestion that Plaintiff Perdido owes any amount to them or any other related company, constitutes false, deceptive, and/or misleading representations or means in connection with the collection of debts in violation of 15 U.S.C. § 1692e.

69. Moreover, upon Plaintiff's best information and belief formed after a reasonable inquiry, Midland has no knowledge whatsoever regarding any initial contract for services for the debt alleged. Plaintiff has requested verification of the initial debt from Defendant Midland but Midland is unable to provide this information.

70. Midland's suggestion that it has knowledge of an amount owed by Plaintiff is a false, deceptive, and/or misleading representation in connection with the collection of debts in violation of 15 U.S.C. § 1692e.

71. Furthermore, Midland violated Rule 10(d) of the Arkansas Rules of Civil Procedure because Midland failed to attach to the debt collection case complaint any document that would support a claim against Midland that could satisfy Rule 10(d) of the Arkansas Rules of Civil Procedure. Where a plaintiff alleges breach of contract, a copy of

the relevant contract must be attached to the Complaint. *LVNV Funding, LLC v. Nardi*, 2012 Ark. 460, 2 (Ark. 2012).

72. Defendant Midland's actions constitute multiple violations of 15 U.S.C. § 1692(f), which states that a debt collector may not use unfair or unconscionable means to collect or attempt to collect a debt.

73. Due to Defendant Midland's multiple violations of the FDCPA, Plaintiff was forced to hire an attorney and pursue this action, despite Defendant Midland's knowledge that the claims against Plaintiff were not legally tenable and could not be supported based on the facts then known to Defendant Midland.

74. Actual damages to Plaintiff include attorney's fees and court costs in both this action and in the underlying actions which spurred the filing of this action, her improperly garnished wages, as well as emotional distress, embarrassment, and mental anguish suffered by Plaintiff, all of which resulted from the actions and statements of Defendant Midland.

75. By reason of the unlawful acts alleged herein, Defendant Midland is liable to Plaintiff for monetary damages, including actual damages, pre-judgment and post-judgment interest, statutory penalties and costs, including reasonable attorney's fees, all as provided for by the FDCPA.

## V.
## THIRD CLAIM FOR RELIEF:
## DEFENDANTS' VIOLATIONS OF THE ARKANSAS
## DECEPTIVE TRADE PRACTICES ACT

76. Plaintiff re-alleges and fully adopts and incorporates each of the allegations asserted above as if fully set forth herein.

77. In improperly representing to the Yell County Circuit Court and to

Plaintiff that Plaintiff owed a debt, Defendants engaged in false and deceptive acts within the meaning of Ark. Code Ann. § 4-88-107(a)(10).

78. Defendant Midland engaged in false and deceptive acts within the meaning of Ark. Code Ann. § 4-88-107(a)(10) to the extent that any of the representations made by them to the Yell County Circuit Court, and/or to Plaintiff, are not grounded in actual law.

79. Defendants Law Office of Stephen P. Lamb d/b/a Stephen P. Lamb and Stephen P. Lamb, individually, engaged in false and deceptive acts within the meaning of Ark. Code Ann. § 4-88-107(a)(10) to the extent that any of the representations made by its employee to the Yell County Circuit Court, and/or to Plaintiff, are not grounded in fact.

80. In taking the actions as set forth above, Defendants have engaged in unconscionable, false, and/or deceptive acts or practices in its business, in violation of Ark. Code Ann. § 4-88-107(a)(10).

81. Defendant Midland's actions violate the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-107(a)(10) and 4-88-108 in that Defendant knowingly engaged in unconscionable, false, or deceptive acts through their attempts to collect invalid debts.

82. Defendants Law Office of Stephen P. Lamb d/b/a Stephen P. Lamb and Stephen P. Lamb, individually, violated the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-107(a)(10) and 4-88-108 in that Defendant knowingly engaged in unconscionable, false, or deceptive acts through their attempts to collect invalid debts.

83. The conduct described above and herein of all Defendants constitutes unfair or deceptive trade practices predominantly and substantially affecting the conduct of trade or commerce throughout the United States in violation of the ADTPA, Ark. Code Ann. §4-88-101, *et. seq.*

84. Plaintiff is entitled to recover damages and a reasonable attorney's fee for every such violation pursuant to Ark. Code Ann. § 4-88-113(0).

WHEREFORE, premises considered, Plaintiff Dora Perdido respectfully requests that Defendant Midland Funding, LLC, Law Office of Stephen P. Lamb d/b/a Stephen P. Lamb and Stephen P. Lamb, individually, each be summoned to appear and answer herein; for judgment in an amount to be proved at trial, such judgment consisting of compensatory and punitive damages; and for all attorney's fees and all court costs incurred herein; and for all other good and proper relief to which she may be entitled, whether or not specifically requested herein.

Respectfully submitted,

**PLAINTIFF DORA PERDIDO**

SANFORD LAW FIRM, PLLC
103 WEST PARKWAY AVE. SUITE C
POST OFFICE BOX 39
RUSSELLVILLE, ARKANSAS 72801
TELEPHONE: (479) 880-0088
FACSIMILE: (888) 787-2040

By: _____
Allison Koile
Ark. Bar No. 201154
allison@sanfordlawfirm.com

and _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE CIRCUIT COURT OF
YELL COUNTY, ARKANSAS

MIDLAND FUNDING LLC AS SUCCESSOR IN INTEREST TO GE MONEY BANK
PLAINTIFF

VS. NO. CV-2011-37

Dora Perdido
DEFENDANT

## COMPLAINT

Plaintiff's Address: C/O Law Office of Stephen P. Lamb, Attorney P.O. Box 1027
Beebe, AR 72012

Defendant's Address: 18 5Th Ave Dardanelle AR 72834

Court Address: YELL COUNTY CIRCUIT
Court -
106 UNION ST, ROOM 105 DARDANELLE AR 72834-3535

1. **Nature of Claim:** Debt on an open account.

2. **Nature and Amount of Relief Claimed:** That the Defendant(s) is liable to Plaintiff in the amount of $1712.33 as shown by the attached affidavit, costs, and attorneys fees, all of which should bear prejudgment interest at the rate of 5.5% from the charge-off date, and upon judgment, the principal balance should accrue post-judgment interest at the maximum rate allowed by law

3. **Factual Basis of Claim:** Defendant(s) received a credit account from Plaintiff's predecessor in interest, as detailed on the attached affidavit. The defendant(s) made various charges on the account, leaving an outstanding balance. Plaintiff obtained by assignment all rights, title and interest to the unpaid account, and it remains unpaid despite the demands of Plaintiff.

WHEREFORE, Plaintiff prays for Judgment against Defendant(s) in the amount of $1712.33, costs, pre-judgment interest of 5.5% from the charge-off date, an attorney's fee, post-judgment interest of 5.5% and all other proper relief.

Plaintiff's Attorney

Law Office of Stephen P. Lamb
Stephen P. Lamb, ABA # 79-115
Mac Golden, ABA # 97-156
Attorneys at Law
P.O. Box 1027
Beebe, AR 72012
(501) 882-8900

By: _____


PLAINTIFF'S EXHIBIT A

MIDLAND FUNDING LLC, as successor in
interest to GE MONEY BANK

   Plaintiff

-vs-                                  AFFIDAVIT OF JEANNIE LOEHRER

Dora Perdido,

   Defendant(s).

---

Jeannie Loehrer, whose business address is 16 Mcleland Rd Suite101, St. Cloud, MN 56303, certifies and says:

1. I am employed as a Legal Specialist and have access to pertinent account records for Midland Credit Management, Inc. ("MCM"), servicer of this account on behalf of plaintiff. I am a competent person over eighteen years of age, and make the statements herein based upon personal knowledge of those account records maintained on plaintiff's behalf. Plaintiff is the current owner of, and/or successor to, the obligation sued upon, and was assigned all the rights, title and interest to defendant's GE MONEY BANK account (hereinafter "the account"). I have access to and have reviewed the records pertaining to the account and am authorized to make this affidavit on plaintiff's behalf.

2. I am familiar with the manner and method by which MCM creates and maintains its business records pertaining to this account. The records are kept in the regular course of business. It was in the regular course of business for a person with knowledge of the act or event recorded to make the record or data compilation, or for a person with knowledge to transmit information thereof to be included in such record. In the regular course of business, the record or compilation is made at or near the time of the act or event. The relevant financial information concerning the account includes the following:

3. The account shows that the defendant(s) owed a balance of $1712.33; and I am advised that such balance will continue to accrue interest at the rate set forth in the cardholder agreement/original contract and/or as required by law.

---

AFFIDAVIT OF JEANNIE LOEHRER - 1




I certify under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

JAN 31 2011
Date

Jeannie Loehrer

STATE OF MINNESOTA

COUNTY OF STEARNS

Signed and sworn to (or affirmed) before me on JAN 31 2011 by Jeannie Loehrer.

(Seal)

Notary Public

SHANNON MARIE MCCLELLAN
Notary Public - Minnesota
My Commission Expires Jan. 31, 2016

My commission expires: _____

AR7
Stephen P. Lamb, Attorney at Law

AFFIDAVIT OF JEANNIE LOEHRER - 2

IN THE CIRCUIT COURT OF YELL COUNTY, ARKANSAS - CIVIL DIVISION
106 UNION ST, ROOM 106 - DARDANELLE AR 72834-3535

## SUMMONS

PLAINTIFF: MIDLAND FUNDING LLC AS SUCCESSOR IN INTEREST TO GE MONEY BANK

PLAINTIFF'S ATTORNEY: Stephen P. Lamb, PO Box 1027, Beebe, AR 72012 (501) 882-9900

VS.                CASE NUMBER: CV-2011-37

DEFENDANT: Dora Perdido,

ADDRESS: 18 5Th Ave, Dardenelle AR 72834 (479)229-2383

P.O.E.:

TO THE ABOVE NAMED DEFENDANT(S):

1. You are hereby notified that a lawsuit has been filed against you; the relief asked is stated in the attached complaint.
2. The attached complaint will be considered admitted by you and a judgment by default may be entered against you for the relief asked in the complaint unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:
   A. It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.
   B. It must be filed in the Court Clerk's office within 20 days from the day you were served summons.
3. If you desire to be represented by an attorney you should immediately contact your attorney so that an answer can be filed for you within the time allowed.
4. If you file a pleading or answer, the Arkansas Rules of Procedure require you to send a copy to the Law Office of Stephen P. Lamb at P.O. Box 1027, Beebe, AR 72012.
5. If you are not the person named above and/or you feel you received this Summons in error, please call the Law Office of Stephen P. Lamb at 501-882-9900.

Witness my hand and seal of said Court on __3-14-11__

CIRCUIT COURT CLERK: Sharon Brunolt, clerk by Anna Ward, DC

STATE OF ARKANSAS
County of

On this_____ day of _____, 20___ at

o'clock_____ a.m. _____ p.m., I have duly served the foregoing Summons by delivering a copy thereof (or stating the substance thereof), together with a copy of the complaint, to such person begin:

CHECK APPLICABLE SQUARE

☐ The person named therein as defendant _____

☐ By leaving a copy of the papers at his/her dwelling house of usual place of abode with some person residing therein who is at least 14 years of age, that person's name and relationship to the above-named party being:

Name:_____ Relationship:_____

☐ The duly designated agent for service of process for the defendant, namely

_____ SHERIFF

BY:_____ D.S.